Rebecca J. KUCH, individually and on behalf of the Estate of Louis Roger Sheffels, deceased, and on behalf of KRS, JMS, and GLS, minors; Louis Roger Sheffels; K.R.S., a minor; J.M.S., a minor; G.L.S., a minor; Michael J. Palmquist, husband; Tessa Palmquist, wife; Louis Jerald Sheffels, individually and on behalf of L. Sheffels & Son, husband; L. Sheffels & Son, a Washington corporation; Lois Sheffels, wife, Plaintiffs—Appellants,

v.

UNITED STATES of America; The Boeing Company, a Delaware corporation; Does I through V; State of Washington, Department of Labor and Industries, Defendants—Appellees.

No. 05–35672.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed March 1, 2007.

James F. Leggett, Esq., Leggett & Kram, Tacoma, WA, for Plaintiffs–Appellants.

William H. Beatty, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, Justin Chretien, Esq., U.S. Dept of Justice, Washington, DC, Grant Silvernale, III, Mack Shultz, Jr., Perkins Coie, LLP, Seattle, WA, Michael Covey, Esq., Department Of Labor & Industries General Administration Building, Olympia, WA, for Defendants–Appellees.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

MEMORANDUM *

Plaintiffs Michael and Tessa Palmquist and the Estate and heirs of Louis Roger Sheffels appeal from a grant of summary judgment in favor of Defendants the Boe-

* This disposition is not appropriate for publica-     tion and is not precedent except as provided

ing Company and the United States. We reverse and remand for further proceedings.

■ 1. The district court properly declined to consider Michael Palmquist's hypnosis-refreshed recollections in opposition to summary judgment. *See United States v. Sioux,* 362 F.3d 1241, 1244 n. 5 (9th Cir.2004) (holding that de novo review applies to the district court's interpretation of the Federal Rules of Evidence). In this civil action, Washington's law regarding the competency of a witness applies. Fed. R.Evid. 601. That is so because state law "supplies the rule of decision," *id.,* under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and under Plaintiffs' product liability claims, Wash. Rev.Code § 7.72.030(1). *See Trevino v. United States,* 804 F.2d 1512, 1516 (9th Cir.1986) (applying Washington law on the competency of an expert witness to testify). Under Washington law, a witness is incompetent to testify concerning post-hypnotic recollections. *State v. Martin,* 101 Wash.2d 713, 684 P.2d 651, 656 (1984).

2. The district court did not abuse its discretion in bifurcating discovery, denying Plaintiffs' motion to compel discovery, denying Plaintiffs' motion to continue, denying Plaintiffs' motion to strike an exhibit, or in refusing to allow Plaintiffs' counsel to use a visual aid during argument to the court.

3. The district court did err, however, in granting summary judgment to Defendants. We review that question de novo. *Patelco Credit Union v. Sahni,* 262 F.3d 897, 906 (9th Cir.2001).

■ Plaintiffs' theory is that a United States military C–17 aircraft flew by and caused the crash of Plaintiffs' small Piper aircraft when the Piper was caught in the wake turbulence of the C–17. The record contains information concerning C–17

by 9th Cir. R. 36–3.

wake turbulence and the associated danger to small aircraft. Evidence in the record also excludes many common causes of an airplane crash, including the pilot's physical condition, the weather conditions, the mechanical condition of the aircraft, and a wingtip striking something. Finally, the timing of the crash is consistent with eyewitness accounts placing a C–17 in the area. The Piper was last seen flying at about 8:15 p.m.; it crashed between 8:15 p.m. and a few minutes later. One eyewitness testified that a C–17 was in the immediate area between 7:30 and 8:30 p.m. A second eyewitness also saw a C–17 in the area and estimated the time as being between 8:20 and 8:40 p.m.

"[V]iewing the evidence in the light most favorable to ... the non-moving party," *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004), we hold that a reasonable trier of fact could find proximate cause.

REVERSED AND REMANDED.